# Supreme Court of Florida

_____

No. SC18-322
_____

**ALBERT A. A. CARTENUTO, III, et al.,**
Appellants,

vs.

**JUSTICE ADMINISTRATIVE COMMISSION,**
Appellee.

December 20, 2018

PER CURIAM.

This case is before the Court on appeal from an order denying a motion for attorney's fees. Because the order concerns certain fees incurred during a capital postconviction proceeding, this Court has jurisdiction of the appeal under article V, section 3(b)(1), Florida Constitution. *See McClain v. Atwater*, 110 So. 3d 892, 893 n.1 (Fla. 2013). Based on the following, we reverse the circuit court's order and remand for a hearing to reconsider the proper statutory qualifications and determine reasonable attorney's fees.

## FACTS AND PROCEDURAL HISTORY

Noel Doorbal is a death defendant represented by court-appointed private counsel. Since 2012, his lead attorney, or "registry attorney," has been Maria del Carmen Calzon, Appellant. At the time of her appointment, Calzon designated Albert A. A. Cartenuto, III, Appellant, as her "designated attorney" to provide assistance with Doorbal's case.

Calzon moved for attorney's fees in the circuit court on November 6, 2017. The Justice Administrative Commission (JAC)—the agency that manages the contracts of, and payments to, registry attorneys—objected to the billing, which totaled $12,010.00. In its written objection, JAC stated that these fees, combined with previously billed fees on this case, exceeded the $20,000.00 statutory cap set forth in section 27.711(4)(d), Florida Statutes (2017).[1]

On December 12, 2017, the circuit court held a hearing on the motion for fees. At the fee hearing, the circuit court questioned Cartenuto about whether he met the statutory qualifications to be a designated attorney under section 27.704(2), Florida Statutes. Cartenuto responded that he did not meet the qualifications. Neither Cartenuto nor JAC offered any other evidence with regard to the qualifications. Accordingly, the circuit court orally denied the motion for

---

1. Unless indicated otherwise, all statutory citations below are to Florida Statutes (2017).

attorney's fees to the extent that it included Cartenuto's fees as a designated attorney. As to Calzon's fees, the court orally granted the motion.

Two days later, on December 14, 2017, the circuit court entered an order granting the motion for Calzon's fees in the amount of $7,430.00. In the order, the circuit court found that the case was "unusual and extraordinary"; thus the fees could exceed the statutory cap pursuant to *Makemson v. Martin County*, 491 So. 2d 1109 (Fla. 1986). The order, however, was silent as to Cartenuto's fees.

A few days later, on December 18, 2017, Calzon and Cartenuto filed a Verified Motion for Reconsideration of the denial of Cartenuto's fees (the Verified Motion). In the Verified Motion, Cartenuto argued that the circuit court applied the wrong statutory qualifications. The circuit court applied the current statutory requirements, which are more stringent than the requirements in force when Cartenuto became a designated attorney in 2012. Cartenuto contended that he satisfied the 2012 requirements, listing several cases as evidence of his qualifications. He explained that he was unprepared to address questions concerning his qualifications at the fee hearing, so he answered incorrectly.

Without a hearing, on February 9, 2018, the circuit court denied the Verified Motion in an order denying rehearing. In that order, the circuit court took issue with the amount of fees charged in this case. Then, it applied the current statutory qualifications again and noted Cartenuto's admission of his failure to satisfy the

requirements at the fee hearing. For that reason, the circuit court denied the Verified Motion without making any other factual findings.

This appeal follows.

## ANALYSIS

The issue is whether the circuit court improperly denied attorney's fees to Cartenuto as a designated attorney. This presents a mixed question of fact and law. This Court reviews legal determinations, such as the statutory requirements, de novo. *McClain*, 110 So. 3d at 898. Whereas this Court reviews factual findings for competent, substantial evidence. *Fla. Dep't of Fin. Servs. v. Freeman*, 921 So. 2d 598, 601 (Fla. 2006).

In part, this case turns on which designated attorney qualifications apply under section 27.704(2): those in force when Cartenuto was appointed in 2012 or the current statutory qualifications. We conclude that the statute in force when Cartenuto was first appointed to the case in 2012 applies. Thus—based on the record here—the only evidence supports the conclusion that he was qualified.

In certain capital collateral proceedings, qualified private counsel may represent defendants as registry attorneys. *See* § 27.710(1), Fla. Stat. Under the relevant statutes, a registry attorney may enlist a designated attorney for assistance on the case. *See* § 27.710(6). Like registry attorneys, designated attorneys may receive fees pursuant to the fee statute. § 27.711(4). A designated attorney,

however, must also meet the qualifications of a registry attorney. § 27.710(6) ("[A registry attorney] may designate another attorney to assist him or her if the designated attorney meets the qualifications of this section."); *see also* § 27.710(2).[2] The qualifications for registry and designated attorneys are set out in section 27.704(2). Prior to 2013, the statute stated:

> A private counsel or public defender under contract with the regional counsel must have at least 3 years' experience in the practice of criminal law, and, prior to the contract, *must have participated in at least five felony jury trials*, five felony appeals, or five capital postconviction evidentiary hearings or any combination of at least five of such proceedings.

§ 27.704(2), Fla. Stat. (2012) (emphasis added). A 2013 amendment increased the qualifications for these attorneys, and the statute now reads:

> A private counsel or public defender under contract with the regional counsel must not be disqualified pursuant to s. 27.7045; must have at least 3 years' experience in the practice of criminal law; and, prior to the contract, *must have participated in at least two capital trials or capital sentencing proceedings*, five felony appeals, or five capital postconviction evidentiary hearings, or any combination of at least five of such proceedings.

---

2. An exception exists for unqualified pro bono attorneys, who may serve "at the discretion of the capital collateral regional counsel." § 27.704(3). Therefore, for those unqualified designated attorneys attempting to become death qualified by assisting registry attorneys, they must participate pro bono. *See id.*

§ 27.704(2) (emphasis added).[3]

In his Verified Motion, Cartenuto stated that he became the designated attorney on Doorbal's case in 2012. Therefore, he would have entered into a contract at that time. *See* § 27.710(4), Fla. Stat. (2012) ("Each private attorney who is appointed by the court to represent a capital defendant must enter into a contract with the [JAC]."). By signing a contract, Cartenuto certified that he would "continue the representation under the terms and conditions set forth in the contract until the sentence is reversed, reduced, or carried out or until released by order of the trial court." *Id.* Because Cartenuto began representation in 2012 and continued that representation through this fee dispute, we conclude that the contractual and statutory qualifications in force at the time of appointment apply to him. This reasoning is buttressed by the fact that both versions of the statute determine qualifications "prior to the contract." § 27.704(2). And the 2013 amendments did not take effect until July 1, 2013—the year after Cartenuto's designation and appointment. Ch. 2013-216, § 19, at 2613, Laws of Fla. Therefore, the 2012 version of section 27.704(2) applies and controls here.

---

3. The statute incorrectly states that these attorneys are "under contract with the regional counsel." § 27.704(2). Registry and designated attorneys are under contract with JAC. § 27.710(4).

The only record evidence supports Cartenuto's qualification under the 2012 statute, by demonstrating participation in "at least five felony jury trials." § 27.704(2), Fla. Stat. (2012). At the fee hearing, Cartenuto stated that he was a criminal trial lawyer and worked on "a number of jury trials in other matters that are not death penalty." In the Verified Motion, Cartenuto also affirmed that he worked on " 'at least' five felony jury trials." JAC offered no evidence to rebut these assertions. Moreover, the circuit court made no findings that would support rejecting Cartenuto's qualifications, except Cartenuto's erroneous—and promptly corrected—concession of disqualification. Therefore, no competent, substantial evidence supported the denial of Cartenuto's fees based on his lack of qualifications.

## CONCLUSION

Accordingly, we reverse the circuit court's order and remand for reconsideration of the proper qualifications and a determination of reasonable attorney's fees.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED ON OR BEFORE DECEMBER 27, 2018. A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED ON OR BEFORE JANUARY 2, 2019. NOT FINAL UNTIL THIS TIME PERIOD EXPIRES TO

FILE A REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Miami-Dade County, Dava Tunis, Judge - Case No. 131995CF017381B000XX

Maria del Carmen Calzon of Law Offices of Maria del Carmen Calzon, P.A., Coral Gables, Florida,

for Appellants

Ana Cristina Martinez, General Counsel, and Bradley R. Bischoff, Assistant General Counsel, Justice Administrative Commission, Tallahassee, Florida,

for Appellee